IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| NICOLE FREEMAN, as wrongful death Representative of Gershun Freeman and next friend of minor child T.F.,     PLAINTIFF | ) ) ) ) | |
| v. | ) ) ) | Civil Action No. 2:23-cv-02193-MSN-tmp |
| SHERIFF FLOYD BONNER, Jr., in his Individual capacity; CHIEF JAILER KIRK FIELDS, in his individual capacity; and the GOVERNMENT OF SHELBY COUNTY, TENNESSEE,     DEFENDANTS. | ) ) ) ) ) ) | |

**DEFENDANT'S MOTION TO STRIKE THIRD AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

COMES NOW Defendant Sheriff Floyd Bonner ("Defendant"), in his individual capacity, pursuant to Rule 15 (a)(2) of the Federal Rules of Civil Procedure and LR 7.2, and move this Court to strike the Third Amended Complaint and would show as follows:

1. Plaintiff, Nicole Freeman, the alleged wrongful death representative of Gershun Freeman, brought the instant action against Shelby County, Tennessee, against Chief Jailer Kirk Fields in his individual capacity, and against Sheriff Floyd Bonner in his individual capacity.

2. Plaintiff filed her original Complaint on April 4, 2023.

3. Defendants Shelby County and Kirk Fields filed motions to dismiss the Complaint on May 4, 2023. Defendant Bonner filed a motion to dismiss on May 24, 2023. Defendants Bonner and Fields asserted qualified immunity defenses in their motions to dismiss.

1

4. Plaintiff filed her First Amended Complaint on June 14, 2023. This amendment was not permitted as a matter of course but was pursuant to Rule 15 (a)(2) with consent of the opposing parties.[1]

5. Thereafter, Plaintiff obtained consent from Defendants to file a Second Amended Complaint <u>and</u> for limited early discovery by representing that Plaintiff intended to name individual Correctional Officers as Defendants and needed the discovery in order to do so on or before the statute of limitations expired. *See* ECF No. 44.

6. On June 28, 2023, this Court entered an Order by text entry suspending the time for Defendants to answer or otherwise plead in response to Plaintiff's First Amended Complaint based on Plaintiff's anticipated Second Amended Complaint. *See* ECF No. 45.

7. The statute of limitations came and went on October 5, 2023 without any filing.

8. During a status conference on October 20, 2023, this Court inquired as to the status of the Second Amended Complaint and directed Plaintiff to file it by October 27, 2023.

9. Plaintiff filed her Second Amended Complaint on October 27, 2023.

10. Defendants Shelby County and Kirk Fields filed motions to dismiss the complaint on November 10, 2023. Defendant Bonner filed a motion to dismiss on November 14, 2023. Once again, Defendants Bonner and Fields asserted qualified immunity defenses in their motions to dismiss.

11. Plaintiff's response to the motions to dismiss of Defendants Shelby County and Fields was due on December 8, 2023. Plaintiff did not file a response to the motions to dismiss.

---

[1] "[A] plaintiff's 21-day clock to amend without leave of court applies to the case as a whole, not to individual defendants, and it begins to run with the first responsive pleading or Rule 12 motion filed in the case." *Doe v. Gupta*, No. 3:22-CV-1122, 2023 WL 6290625, at *2–3 (N.D. Ohio Sept. 27, 2023). Thus, Plaintiff was required to file her first amended complaint on or before May 24, 2023 in order to file it as a matter of course. *Id*. Plaintiff herein did not even file its request for additional time to respond to the first Defendants' motions to dismiss until after this date, on May 31, 2023. *See* ECF 35. However, Defendants gave consent for the amendment in order to "save the Parties time and money" and "preserve judicial resources." *See* ECF No. 44.

12. On December 8, 2023, Plaintiff filed her fourth iteration of the complaint in this case, *to wit*: Plaintiff's Third Amended Complaint. Plaintiff did not seek or obtain leave of this Court to amend or obtain Defendant's written consent to file the Third Amended Complaint. Plaintiff did not give notice to Defendant of her intent to file the Third Amended Complaint or consult with Bonner's counsel before filing Plaintiff's Third Amended Complaint. Plaintiff's purported amendment is not a valid amendment that was seasonably and properly effected.

13. Plaintiff did not have a right to file the Third Amended Complaint without seeking leave under Federal Rule of Civil Procedure 15 (a). Rule 15(a) provides, in relevant part, that "[a] party may amend its pleadings once as a matter of course" within 21 days after service of a motion under Rule 12(b). Rule 15(a)(2) further provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15 (a)(2).

14. This Court should strike Plaintiff's Third Amended Complaint because Plaintiff did not request leave to file her Third Amended Complaint, obtain the opposing parties' written consent or even consult with Bonner's counsel before filing it. Here, it appears that Plaintiff failed to seek leave to amend in an effort to circumvent responding to Defendants' challenge to the sufficiency of the pleadings.[2]

15. Plaintiff's purported Third Amended Complaint is <u>sixty-two (62) pages long</u>, does not assert its claims in short plain statements as required by Federal Rule of Civil Procedure 8(a)(2) and is not a model of clarity. *See* FN 2. Neither Defendants nor this Court should be required to

---

[2] A cursory review of the Third Amended Complaint reflects that it was thrown together hastily in order to attempt to defeat the qualified immunity and FRCP 12 (b) (6) motions to dismiss. It reads like a *pro se* complaint: littered with glaring typos and on page 44, it jumps from paragraph 202 to paragraph 95. There are two instances of "count two", "count three" and "count four" and multiple pages of duplicated numbering for paragraphs.

sift through 62 pages in order to discern the necessity of the amendment or Plaintiff's purpose for the amendment and argue against hypothetical reasons to support an amendment.

16. It is Plaintiff's burden to move for leave to amend seasonably in writing, to set forth the basis for the amendment and demonstrate why justice requires that leave to amend be permitted. Motions for leave to file an amended complaint under Rule 15 (a) are governed by Federal Rule of Civil Procedure 7 (b). *Evans v. Pearson Enters., Inc.*, 434 F.3d 839, 853 (6th Cir. 2006). Rule 7 (b) requires a motion to state the grounds upon which it is made with particularity. *See Intera Corp. v. Henderson*, 428 F.3d 605, 613 (6th Cir. 2005); *Brown v. Whirlpool Corp.*, 996 F. Supp. 2d 623, 647 (N.D. Ohio 2014).

17. In the absence of a proper motion for leave to amend the Complaint, Plaintiff has improperly shifted the burden to the Defendants to demonstrate why leave should not be granted and/or to the Court to determine whether leave should be granted under Rule 15 (a). Defendants have already undertaken the considerable time and expense of filing and fully briefing two (2) motions to dismiss prior lengthy complaints. Defendants have also generously consented to two prior amendments, as well as provided early discovery to Plaintiffs in order to provide ample time and information for Plaintiff to amend. Defendants' objective is to avoid the needless and significant time and expense of protracted briefing on the issue of qualified immunity, only for Plaintiff to amend again.

18. The Sixth Circuit has aptly held that in federal court, "the rules matter. Parties are obliged to comply, and when they don't, they risk repercussions." *ECIMOS, LLC v. Nortek Glob. HVAC, LLC*, 736 F. App'x 577, 578 (6th Cir. 2018).

19. Courts also routinely strike pleadings for a failure to comply with Rule 15. *See Anders v. Shelby Cty.*, No. 2:16-cv-02775-SHM-cgc, 2017 WL 6504014, at *2 (W.D. Tenn. Apr. 6,

2017); *Carnett v. PNC Mortgage*, No. 12-1081-JDB/egb, 2013 WL 12147018, at *1 (W.D. Tenn. Mar. 8, 2013); *Sheets v. U.S. Bank, Nat. Ass'n*, No. 14-CV-10837, 2014 WL 5499382, at *2 (E.D. Mich. Oct. 30, 2014); *Green v. Southfield*, No. 15-13479, 2016 WL 692529, at *4–5 (E.D. Mich. Feb. 22, 2016); *McBride v. Performance Food Grp., Inc.*, No. 21-12424, 2022 WL 2328665, at *3 (E.D. Mich. June 28, 2022); *Tepe v. Javitch Block LLC*, No. 1:22-CV-111, 2022 WL 20114176, at *1 (E.D. Tenn. Oct. 12, 2022); *Fontain v. Nestor*, No. 1:22-CV-431, 2022 WL 15523496, at *3 (S.D. Ohio Oct. 27, 2022). Plaintiff herein is not proceeding *pro se*; she is represented by competent counsel and should be required to comply with the requirement of Rule 15 to seek leave to amend and state the ground(s) therefore with particularity, prior to filing a Third Amended Complaint.

20. Defendant submits that it is Plaintiff's burden in the first instance to seek permission for leave to amend and to demonstrate why leave should be granted. As such, Defendant has not undertaken a comprehensive analysis of the Third Amended Complaint in the context of the motions to dismiss, as would be required in order to attempt to address the issue of whether leave should be granted. If the Court is inclined to consider the issue of whether leave should be granted rather than to strike the improperly filed amendment and require Plaintiff to move for leave, Defendant respectfully requests the opportunity to fully brief the issue.

21. Plaintiffs oppose this motion.

**CERTIFICATE OF CONSULTATION**

On December 11, 2023 Allan Wade, counsel for Defendant, Floyd Bonner, Jr. consulted by telephone with Mr. Craig A. Edgington at 12:55 p.m. to determine Plaintiffs' position on Bonner's Motion to Strike Plaintiffs' Third Amended Complaint. Plaintiffs advised the undersigned that Plaintiffs oppose the motion.

5

**WHEREFORE PREMISES CONSIDERED**, Defendant Sheriff Floyd Bonner respectfully requests that the Court enter an Order striking the Third Amended Complaint from the docket in this matter.

Respectfully submitted,

THE WADE LAW FIRM, PLLC

 /s/ Allan J. Wade
ALLAN J. WADE (TN # 4339)
BRANDY S. PARRISH (TN # 21631)
The Wade Law Firm, PLLC
5050 Poplar Avenue, Suite 1028
Memphis, Tennessee 38157
(901) 322-8005
awade@thewadefirm.com
bparrish@thewadefirm.com

*Attorneys for Defendant Sheriff Bonner*

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document has been served on all counsel of record, specifically including adversary counsel listed below, by electronic means of filing with this Court's CM/ECF System, or for those for whom the Court records show do not receive the electronic transmission, then by U.S. mail, postage prepaid, 11th day of December 2023 to:

Brice Timmons
Craig A. Edgington
Melissa Stewart
**DONATI LAW PLLC**
1545 Union Avenue
Memphis, TN 38104

Jacob Webster Brown
Sara McKinney
**APPERSON CRUMP, PIC**
6000 Poplar Avenue, Suite 150
Memphis, TN 38119

Robert D. Meyers, Aubrey B. Greer and Danielle Rassoul
**GLANKLER BROWN, PLLC**
6000 Poplar Ave., Suite 400
Memphis, TN 38119

 /s/ Allan J. Wade