# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN SECTION OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| NICOLE FREEMAN, *as wrongful death representative of Gershun Freeman and next friend of minor child* T.F., | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| | ) Case No. 2:23-CV-02193 |
| | ) JURY DEMAND |
| v. | )<br>) |
| SHERIFF FLOYD BONNER, *in his individual capacity*; CHIEF JAILER KIRK FIELDS, *in his individual capacity*; *and* SHELBY COUNTY, TENNESSEE, *a Tennessee municipality*, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## SCHEDULING ORDER

Pursuant to written notice, a scheduling conference was held Friday, December 15, 2023. Present were Jacob Webster Brown of Apperson Crump, PLC, counsel for Plaintiff, Nicole Freeman, as Wrongful Death Representative of Gershun Freeman and next friend of minor child T.F.; Allan J. Wade and Brandy S. Parrish of Allan J. Wade, PLLC, for Defendant Floyd Bonner, Jr.; and Aubrey B. Greer, Robert D. Meyers, and Danielle Rassoul of Glankler Brown, PLLC for Defendant Kirk Fields and Shelby County Government. The following dates are the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1)**: Friday, January 5, 2024

**MOTIONS TO JOIN PARTIES**: December 18, 2023

**MOTIONS TO AMEND PLEADINGS**:  December 18, 2023

**MOTION TO DISMISS**:  Within 28 days after the filing of an Amended Complaint

**ALTERNATIVE DISPUTE RESOLUTION:**

    **(a)**   **ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):** Monday, July 1, 2024

    **(b)**   **SELECTION OF MEDIATOR PURSUANT TO ADR PLAN RULE 5.4(c)2:**

    **STIPULATION FILING DATE:** Tuesday, January 2, 2024

**COMPLETING ALL FACT DISCOVERY**:  Monday October 28, 2024

    **(a)**   **WRITTEN DISCOVERY**:  Tuesday October 1, 2024

    **(b)**   **FACT WITNESS DEPOSITIONS**:  Monday, October 28, 2024

    **EXPERT WITNESS DISCLOSURES PURSUANT TO FED.R.CIV. P.26(a)(2)**

        (1)   **DISCLOSURE OF PLAINTIFF'S (OR PARTY WITH BURDEN OF PROOF) RULE 26(a)(2) EXPERT INFORMATION**:  Tuesday September 3, 2024

        (2)   **DISCLOSURE OF DEFENDANT'S RULE 26 (a)(2) EXPERT INFORMATION**:  Tuesday, October 1, 2024

        (3)   **EXPERT WITNESS DEPOSITIONS**:  Friday, November 8, 2024

    **SUPPLEMENTATION UNDER RULE 26(e)(1):** Monday October 28, 2024

    **MOTIONS TO EXCLUDE EXPERTS UNDER F.R.E. 702/DAUBERT MOTIONS**:  Friday, December 6, 2024

**FILING DISPOSITIVE MOTIONS**:  Friday, December 6, 2024

**JOINT PROPOSED PRETRIAL ORDER DUE:** Friday, March 7, 2025
(E-Mail Joint Proposed Pretrial Order in Word or Word Perfect format to: ECF_Judge_Norris@tnwd.uscourts.gov)

**PRETRIAL CONFERENCE:** Friday, March 14, 2025 at 9:30 a.m.

**JURY TRIAL:** March 24, 2025 at 9:30 a.m. Trial is anticipated to last approximately 5 days.

The Parties do **not** consent to trial before the Magistrate Judge.

**OTHER RELEVANT MATTERS**:

As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery") and have agreed that the parties do not expect that e-discovery will be an issue in this case. However, in the event that e-discovery becomes an issue, the parties agree that disclosure or discovery of electronically stored information will be handled by producing e-discovery in hard copy, native format, or PDF format, as requested.

Pursuant to agreement of the parties, if privileged or protected information is inadvertently produced, the producing party may, by timely notice, assert the privilege or protection and obtain the return of the materials without waiver.

No depositions may be scheduled to occur after the discovery deadline. All discovery requests or other discovery-related filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to that date.

Motions to compel discovery are to be filed and served within 45 days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such default or service occurs within 30 days before the discovery deadline, the motion to compel must be filed within 30 days after such default or service.

The parties are ordered to engage in ADR by the ADR deadline. Pursuant to Local Rule 16.3(d), within 7 days of completion of ADR, the parties shall file a notice confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56. As provided by Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply accompanied by a memorandum setting forth the reasons for which a reply is required within seven days of service of the response.

Pursuant to Local Rules 12.1(c) and 56.1(c), a party moving for summary judgment or to dismiss may file a reply within 14 days after being served with the response in opposition to the motion.

*This order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this order will not be modified or extended.*

**IT IS SO ORDERED**, this 15th day of December, 2023.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE