# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

NICOLE FREEMAN, as wrongful death )
Representative of Gershun Freeman )
and next friend of minor child T.F., )
        PLAINTIFF )
         )      Civil Action No.
v. )      2:23-cv-02193-MSN-tmp
         )
SHERIFF FLOYD BONNER, Jr., in his )
Individual capacity; CHIEF JAILER KIRK )
FIELDS, in his individual capacity; and the )
GOVERNMENT OF SHELBY COUNTY, )
TENNESSEE, )
              DEFENDANTS. )

## MOTION TO STAY TO DISCOVERY AND INCORPORATED MEMORANDUM OF LAW

COMES NOW Defendant Sheriff Floyd Bonner ("Sheriff Bonner"), in his individual capacity, pursuant to LR 7.2, to move this Court for a Stay of Discovery in this case and would shows as follows:

### BACKGROUND

Plaintiff, by and through her Second Amended Complaint, asserts claims against Defendants based on the alleged unconstitutional conduct of non-party correctional officers. *See* Second Amended Complaint, Count One, Count Two and Count Three. In September 2023, nine (9) of the correctional officers were indicted on criminal charges stemming from the alleged beating and death of Gershun Freeman. *See* Second Amended Complaint, ¶¶ 33-35, 38, 82, FN 30. All of the Defendants have filed motions to dismiss the Second Amended Complaint for failure to state a claim upon which relief may be granted. Sheriff Bonner has also asserted the defense of

qualified immunity.  Plaintiff has not yet responded to the motions to dismiss; instead, Plaintiff filed a motion for leave to file a third amended complaint, which was opposed by all Defendants and remains pending.   On Friday April 26, 2024, Plaintiff issued written discovery to Defendant Bonner.[1]  Defendant Bonner moves the Court to stay discovery as to him and to stay further discovery in the case as a whole during the pendency of Bonner's motion to dismiss based on qualified immunity.  After consultation pursuant to local rule, Defendants Shelby County and Chief Jailer Fields have indicated their intent to join in the instant motion.

## LAW AND ARGUMENT

**1.   Sixth Circuit precedent requires a stay of discovery in this case until the issue of qualified immunity is resolved.**

Qualified immunity is an immunity from suit rather than a mere defense to liability. *See e.g., Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985). Accordingly, unless the plaintiff's allegations state a claim of violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery. *Id*. When a defendant seeks dismissal on the basis of qualified immunity, a stay of discovery must be granted until the issue of immunity is resolved. *See Kennedy v. Cleveland*, 797 F.2d 297, 299-300 (6th Cir. 1986) ("Because [then-recent Supreme Court decision] *Mitchell* contemplates that the defendant is to be also protected from the burdens of discovery until the resolution of that issue, *Mitchell* necessarily holds that the court is further obligated, upon application, not only to refrain from proceeding to trial but to stay discovery until that issue is decided.") (citing *Mitchell*, 472 U.S. at 526); *see also Eng. v. Dyke*, 23 F.3d 1086, 1089 (6th Cir. 1994) (holding that "while the issue [of qualified immunity] is before the trial court or the case is on appeal, the trial court should stay discovery").

---

[1] Upon information and belief, Plaintiff and Defendant Shelby County have engaged in limited written discovery. No deposition discovery has been conducted or noticed as of the filing of this motion.

Plaintiff's prior response to the Defendants' first motion to stay erroneously argued that questions pertaining to qualified immunity "are better left for summary judgment, where courts can consider proof . . . Thus, staying discovery would potentially give rise to reversible error as to the issue of qualified immunity." *See* ECF 40, p. 3. First, Plaintiff's argument only addressed the merits of deciding the issue of qualified immunity at the motion to dismiss stage but does not address the well settled requirement to stay discovery during the pendency of the issue at either stage. Plaintiff's argument also misstates Sixth Circuit precedent as it relates to the issue of whether qualified immunity is appropriate for review at the pleading stage. Specifically, Plaintiff's arguments ignore the recent Sixth Circuit holdings in *Crawford v. Tilley*, 15 F.4th 752, 763–64 (6th Cir. 2021) and *Myers v. City of Centerville, Ohio*, 41 F.4th 746, 758 (6th Cir. 2022). As the Sixth Circuit's recent opinions in *Crawford* and *Myers* make clear, district courts have "a duty to address" qualified immunity when it is "properly raised prior to discovery." The Court in *Myers* expressly found that the district court's failure to meaningfully evaluate defendants' assertion of qualified immunity prior to discovery was error. Additionally, the opinion in *Myers* explains that it is the second prong of the qualified immunity analysis that "'is sometimes difficult' on the pleadings, since that 'inquiry may turn on case-specific details that must be fleshed out in discovery.'" *Myers v. City of Centerville, Ohio*, 41 F.4th 746, 758 (6th Cir. 2022) (quoting *Crawford*, 15 F.4th at 765). In the instant case, Sheriff Bonner asserts qualified immunity based on the first prong, which "*Crawford* made crystal clear" is not at all covered by any so-called general preference against resolving affirmative defenses at the pleading stage. *Myers*, 41 F.4th at 759. Moreover, the claims against Bonner are based on theory of supervisory liability, which is arguably a tougher hurdle for a Plaintiff to clear where, as here, Bonner was not personally involved in the actions alleged to be unconstitutional.

Finally, the opinions in *Myers* and *Crawford* both reiterate that the Supreme Court has consistently stated that one of the goals of qualified immunity is not only to help defendants avoid unnecessary trials but also to allow defendants to avoid pre-trial discovery. *Harlow*, 457 U.S. at 808, 102 S.Ct. 2727; *see also Mitchell*, 472 U.S. at 526, 105 S.Ct. 2806; *Butz v. Economou*, 438 U.S. 478, 507, 98 S.Ct. 2894, 57 L.Ed.2d 895 (1978). And for avoiding pretrial discovery, "a motion to dismiss is conclusive as to this right." *Behrens v. Pelletier*, 516 U.S. 299, 308, 116 S.Ct. 834, 133 L.Ed.2d 773 (1996). Indeed, as noted by the *Crawford* court, the Supreme Court "reformulated the qualified immunity test by eliminating the subjective-good-faith requirement precisely because that requirement was permitting some qualified immunity cases to advance further than they should." *Crawford v. Tilley*, 15 F.4th at 763–64.

Accordingly, Sheriff Bonner respectfully submits that a stay of discovery as to Sheriff Bonner pending resolution of his qualified immunity defense is both warranted and required in the instant case.

**2. This Court should exercise its discretion to stay further discovery as to all parties, during the pendency of the motions to dismiss.**

Plaintiff has argued in response to Defendants' prior motion to stay that the issues can be bifurcated and that the case should proceed against Shelby County Government, even if it is stayed as to Sheriff Bonner and Chief Fields. The Supreme Court has ruled that this kind of proposal is unworkable. As the *Iqbal* Court explained:

> [i]t is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Ashcroft v. Iqbal*, 556 U.S. 662, 685–86, 129 S. Ct. 1937, 1953, 173 L. Ed. 2d 868 (2009). Courts have relied on this language from *Iqbal* as foreclosing all discovery until qualified immunity is resolved. *See, e.g., Carswell v. Camp*, 54 F.4th 307, 313 (5th Cir. 2022) ("So the district court would have allowed [Plaintiff] to proceed with discovery on her [municipal liability] claim, including by noticing depositions for all eight of the individual defendants asserting qualified immunity. *Iqbal* squarely forecloses that, too.") (citing *Iqbal*, 556 U.S. at 685-86). While Plaintiff has criticized Defendants' citation to *Camp* on the basis that it is "non-binding", the Court in *Camp* relies exclusively on United States Supreme Court precedent in its analysis. *Camp*, 54 F.4th at 313-314 ("Today we clarify the governing law. And we trust that will harmonize our circuit's discovery practices with the Supreme Court's instructions." *Id*. at 314.). The Supreme Court precedent relied on by *Camp* is binding on all federal courts and the Fifth Circuit's analysis of an identical issue in *Camp* utilizing binding Supreme Court precedent is, at worst, extremely persuasive.

The decision in *Camp* squarely addresses and rejects the instant Plaintiff's proffered argument in favor of "Monell" discovery while discovery is stayed as to the individual Defendants. As the *Camp* Court aptly found on the issue of propriety of permitting *Monell* discovery to proceed during a stay pending resolution of qualified immunity:

> First, there are significant differences between naming an individual defendant and then deposing him in two capacities (one personal and the other Monell/official) and not suing the individual and deposing him only in his Monell/official capacity. The former puts the individual's own money on the line. And the dual-capacity defendant must be particularly careful in a deposition about how his answers can be used against him in not one but two ways. So the stakes differ substantially. Carswell cannot elide these differences by saying the defendant would have to testify either way.

> Second, it's no answer to say the defendant can be deposed twice—once on Monell issues (before the district court adjudicates the immunity defense) and once on personal-capacity issues (afterwards). It only exacerbates the burdens of litigation to make a defendant sit for two depositions instead of one. And it turns qualified immunity on its head by doubling the "heavy costs" of litigation. Iqbal, 556 U.S. at 685, 129 S.Ct. 1937.
>
> Third, Carswell conceded at oral argument that bifurcation of discovery would radically complicate the case. Carswell suggested that a special master could be appointed to police the Monell/official-capacity depositions so that no party could cross the line into personal-capacity questions before the district court adjudicated the immunity defense. But the very fact that Carswell can foresee the need for a special master proves that bifurcated discovery imposes unreasonable burdens on the defendants.

*Camp*, 54 F.4th at 313-314.  Defendants submit that this analysis is consistent with the most recent Sixth Circuit decisions addressing qualified immunity.  Moreover, as demonstrated herein, the Sixth Circuit case law relied on by Plaintiff is distinguishable from the instant case.

Plaintiff cites to *In re Flint Water Cases*, 960 F.3d 820 (6th Cir. 2020), for the proposition that this Court can and should permit discovery to proceed against the County and even as to Defendants Bonner and Fields during the pendency of their qualified immunity motions to dismiss. The analysis in *Flint* is not applicable to the instant motion for a stay.  The issue in *Flint* was whether defendants were entitled to a protective order prohibiting any discovery from them during the pendency of defendants' appeal(s) of the denial of their qualified immunity motions to dismiss. *In re Flint*, 960 F.3d at 823.  Significantly, the trial court in *Flint* *did* stay discovery as to all defendants during the pendency of the qualified immunity motions to dismiss.[2]  *Id.* at 824.  It was only after the trial court *denied the motions to dismiss* as to the qualified immunity claims of some

---

[2] "On April 1, 2019, the district court ruled on the defendants' motions to dismiss. . . . After deciding defendants' motions to dismiss based on qualified immunity, the district court entered a comprehensive case management order ("CMO") on April 30, 2019, to direct the course of discovery."  *In re Flint*, 960 F.3d at 824.

defendants, that it entered a case management order providing for a "carefully sculpted [] discovery plan that afforded the state defendants their full entitlement to immunity, while permitting other parties to seek discovery from them as fact witnesses on wholly separate claims." *Id.* at 826.  The purpose of the "carefully sculpted plan" was to prevent the litigation from "stalling out for *all* defendants during the pendency of the[] state defendants' appeals of the denial of their motions to dismiss based on qualified immunity." *Id.* at 826.  Notably, the litigation in *Flint* was part of a consolidated putative class action relating to injuries from corroded water; thus, the court found it was "necessary for discovery to proceed for other parties in the sprawling litigation." *Id.* at 823, 826.

Turning to the instant case, Defendant does not seek a stay of all discovery for all Defendants until Sheriff Bonner has "exhausted every opportunity for appeal from [a] denial of their motions to dismiss based on qualified immunity" as the defendants in *Flint* sought. *See In re Flint*, 960 F.3d at 823.   At this juncture, Defendant only seeks to postpone all discovery as to Bonner and any further discovery as to the other Defendants during the pendency of the motions to dismiss.  Unlike the defendants in *Flint*, Bonner was not personally involved in the alleged unconstitutional conduct of the non-party correctional officers.  *See In re Flint Water Cases*, 384 F. Supp. 3d 802, 840-842 (E.D. Mich. 2019), aff'd and remanded, 960 F.3d 303 (6th Cir. 2020).  Instead, the claims against Bonner bear striking resemblance to the *Monell* claims against Shelby County predicated on a policy, failure to act, failure to train, or failure to carry out a particular policy.  Thus, any attempt to depose Bonner or other Defendants on the "*Monell* issues" would overlap with the individual liability allegations for which Bonner claims qualified immunity.  Moreover, Defendant Bonner would still be required to participate in any deposition discovery conducted by the other parties in order to avoid any prejudice to his position in this lawsuit.  Indeed,

the Supreme Court expressly acknowledged that such an arrangement, *i.e.*, deferral of discovery for a potentially immune party "while pretrial proceedings continue for other defendants", does not free potentially immune defendants "from the burdens of discovery." *See Iqbal*, 556 U.S. 662, 685–86. Under the circumstances and the facts of this case, Defendant Bonner respectfully submits that further discovery in this case should be stayed in its entirety until the motions to dismiss based on qualified immunity are adjudicated.

## CONCLUSION

For all these reasons, the Defendant respectfully requests that all discovery in this case be stayed until the Court rules on Sheriff Bonner's qualified immunity defense raised in his motion to dismiss.

## <u>CERTIFICATE OF CONSULTATION</u>

Pursuant to Local Rule 7.2 (a)(1)(B), undersigned counsel for Defendant has consulted with Plaintiff's counsel, Craig Edgington, via email on April 30, 2024, and with counsel for Defendants Shelby County and Kirk Fields via email on April 29, 2024, to determine their position on Defendant Bonner's motion to stay discovery. Plaintiff <u>opposes</u> Defendant's motion to stay discovery. Defendants Shelby County and Chief Jailer Fields <u>consent</u> to the motion to stay discovery and have communicated their intent to <u>join</u> in the motion.

Respectfully submitted,

THE WADE LAW FIRM, PLLC

 /s/ Brandy S. Parrish
ALLAN J. WADE (4339)
BRANDY S. PARRISH (21631)
The Wade Law Firm, PLLC
5050 Poplar Avenue, Suite 1028
Memphis, Tennessee 38157
(901) 322-8005
awade@thewadefirm.com
bparrish@thewadefirm.com
Attorneys for Defendant Sheriff Bonner

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document has been served on all counsel of record, specifically including adversary counsel listed below, by electronic means of filing with this Court's CM/ECF System, or for those for whom the Court records show do not receive the electronic transmission, then by U.S. mail, postage prepaid, 30th day of April 2024 to:

Brice Timmons
Craig A. Edgington
Melissa Stewart
**DONATI LAW PLLC**
1545 Union Avenue
Memphis, TN 38104

Jacob Webster Brown
Sara McKinney
**APPERSON CRUMP, PIC**
6000 Poplar Avenue, Suite 150
Memphis, TN 38119

Robert D. Meyers, Aubrey B. Greer and Danielle Rassoul
**GLANKLER BROWN, PLLC**
6000 Poplar Ave., Suite 400
Memphis, TN 38119

 /s/  Brandy S. Parrish
Brandy S. Parrish