IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

| | |
|---|---|
| NICOLE FREEMAN, as wrongful death representative of Gershun Freeman and next friend of minor child T.F., | ) ) ) ) |
| PLAINTIFF, | ) ) |
| v. | ) ) ) ) ) ) ) |
| SHERIFF FLOYD BONNER, Jr., in his individual capacity; CHIEF JAILER KIRK FIELDS, in his individual capacity; and the GOVERNMENT OF SHELBY COUNTY, TENNESSEE, | ) ) ) ) ) ) |
| DEFENDANTS. | ) |

Case No. 2:23-cv-02193-MSN-tmp

**COMPLAINT FOR VIOLATIONS OF THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983, and THE AMERICANS WITH DISABILITIES ACT OF 1990**

**JURY TRIAL DEMANDED PURSUANT TO FED. R. CIV. PRO. 38(a) & (b)**

**MOTION OF DEFENDANTS KIRK FIELDS AND GOVERNEMNT OF SHELBY COUNTY, TENNESSEE TO QUASH SUBPOENA ISSUED BY PLAINTIFF SEEKING DOCUMENTS FROM THE WADE FIRM**

**COME NOW** the Defendants Kirk Fields ("Fields") and Government of Shelby County, Tennessee ("Shelby County"), by and through undersigned counsel, and files this Motion to Quash the Subpoena to Produce Documents, issued by Jake Brown, counsel for Nicole Freeman, wrongful death representative of Gershun Freeman and next friend of minor child T.F. ("Plaintiff"). That subpoena seeks documents from The Wade Firm regarding, *inter alia,* communications between the Wade Firm and the Shelby County District Attorney General regarding the investigation of the death of Gershun Freeman.

Shelby County and Fields seek to quash the subpoena as the subpoena seeks information that is subject to a pending motion for protective order that Plaintiff has not opposed. (D.E .92)

1

It is respectfully submitted that this Motion should be GRANTED and the subpoena should be quashed.

**The Subpoena is Subject to an Unopposed Motion for Protective Order**

Plaintiff has propounded discovery to Defendant Bonner, dated April 26, 2024, seeking the identical materials sought in the subject subpoena. Defendant Bonner filed a motion seeking a protective order on April 20, 2024 (D.E .92) That Motion was not opposed and the time for Plaintiff to oppose said Motion has passed.

Plaintiff cannot use the subject subpoena as an end-run to get a second opportunity to secure discovery materials that are subject to the Motion for Protective Order.

## CONCLUSION

It is respectfully submitted that this Motion should be granted and the subpoena seeking documents from the Wade Firm should be quashed.

Respectfully,

**GLANKLER BROWN, PLLC**

By: /s/ Robert D. Meyers
    Robert D. Meyers (TN #12187)
    Aubrey B. Greer (TN #35613)
    Danielle Rassoul (TN #36911)
    6000 Poplar Ave., Suite 400
    Memphis, Tennessee 38119
    Telephone:  (901) 525-1322
    Facsimile:  (901) 525-2389
    rmeyers@glankler.com
    agreer@glankler.com
    drassoul@glankler.com

    *Attorneys for Defendants Chief Jailer Kirk*
    *Fields and Shelby County, Tennessee*

## CERTIFICATE OF SERVICE

  I hereby certify that a copy of the foregoing has been served electronically on the following via the Court's ECF system, this the 15th day of July, 2024:

Brice M. Timmons
Craig A. Edgington
**Watson Burns, PLLC**
5685 Ridgeway Center Parkway
Suite 300
Memphis, TN 38120
btimmons@watsonburns.com
cedgington@watsonburns.com

Jacob Webster Brown
Sara McKinney
**Apperson Crump PLC**
6000 Poplar Avenue, Suite 150
Memphis, TN 38119
jbrown@appersoncrump.com
smckinney@appersoncrump.com

Allan J. Wade
Brandy S. Parrish
**The Wade Law Firm, PLLC**
5050 Poplar Avenue, Suite 1028
Memphis, Tennessee 38157
awade@thewadefirm.com
bparrish@thewadefirm.com

        /s/ Robert D. Meyers
         Robert D. Meyers