IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN SECTION OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| NICOLE FREEMAN, *as wrongful death representative of Gershun Freeman and next friend of minor child* T.F., | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 2:23-cv-02193 ) JURY DEMAND ) ) |
| SHERIFF FLOYD BONNER, *in his individual capacity*; CHIEF JAILER KIRK FIELDS, *in his individual capacity*; *and* SHELBY COUNTY, TENNESSEE, *a Tennessee municipality*, | ) ) ) ) ) ) |
| Defendants. | ) ) |

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STAY DISCOVERY**

Before the Court is Defendant Sheriff Floyd Bonner's ("Defendant Bonner") Motion to Stay Discovery. ("Motion," ECF No. 85.) Plaintiff filed a Response in opposition to Defendant Bonner's Motion on May 17, 2024. (ECF No. 89.) After obtaining leave of the Court, Defendant Bonner filed a Reply to Plaintiff's Response on May 28, 2024. (ECF No. 94.) For the reasons below, Defendant Bonner's Motion is **GRANTED IN PART** and **DENIED IN PART**.

**BACKGROUND**

Plaintiff filed her original Complaint in this matter on April 4, 2023. (ECF No. 1.) She subsequently filed a First Amended Complaint, (ECF No. ECF No. 39), and a Second Amended Complaint, (ECF No. 54). Defendants Fields, Shelby County, and Bonner have each moved to

dismiss Plaintiff's Second Amended Complaint. (ECF Nos. 57, 58, & 60.) Both Defendants Fields and Bonner moved to dismiss on grounds of qualified immunity, among others. (*See* ECF No. 57 at PageID 714; ECF No. 60 at PageID 761.) Plaintiff since moved to file a Third Amended Complaint, (ECF No. 65), which the Court has denied. (ECF No. 103.) Defendant Bonner moved for a stay after Plaintiff issued written discovery, asking that the Court "stay discovery as to him and to stay further discovery in the case as a whole during the pendency of [his] motion to dismiss based on qualified immunity." (ECF No. 85 at PageID 1171.) Plaintiff does not oppose a partial stay as to Defendant Bonner but does oppose a total stay of discovery as to him and the other Defendants in this case. (ECF No. 89 at PageID 1184.)

## STANDARD OF REVIEW

"Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). "Limitations on pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not have been altered by any further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Bens. Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting *Muzquiz v. W.A. Foote Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)).

## DISCUSSION

Given Plaintiff's concession that discovery should be stayed as to the supervisory liability claim against Defendant Bonner, (ECF No. 89 at PageID 1195), the only question for the Court is whether it should stay discovery as to Defendants Fields and Shelby County and as to Defendant Bonner for the remaining claims in this matter.

Plaintiff and Defendant Bonner have very different ideas of what is required here, though both concede the ultimate decision rests within the sound discretion of the Court. Defendant

Bonner references language in *Ashcroft v. Iqbal*, 556 U.S. 662, 685–86 (2009) and *Carswell v. Camp*, 54 F.4th 307, 313 (5th Cir. 2022) to argue that the Court should stay all discovery in this matter.  (ECF No. 85 at PageID 1174.)   In considering the burdens litigation imposes on government officials in the execution of their responsibilities, the Supreme Court in *Iqbal* stated:

> It is no answer to these concerns to say that discovery for petitioners can be deferred while pretrial proceedings continue for other defendants. It is quite likely that, when discovery as to the other parties proceeds, it would prove necessary for petitioners and their counsel to participate in the process to ensure the case does not develop in a misleading or slanted way that causes prejudice to their position. Even if petitioners are not yet themselves subject to discovery orders, then, they would not be free from the burdens of discovery.

*Iqbal*, 556 U.S. at 685–86.  As Defendant Bonner notes, the Fifth Circuit has interpreted this language to foreclose a plaintiff from "proceed[ing] with discovery on her *Monell* claim, including by noticing depositions for . . . individual defendants asserting qualified immunity." *Carswell*, 54 F.4th at 313.

Plaintiff rejects Defendant Bonner's authorities on grounds that *Iqbal* did not squarely involve discovery or *Monell* issues and that *Carswell* is an out-of-circuit case that conflicts with the Sixth Circuit's decision in *In re Flint Water Cases*, 960 F.3d 820 (6th Cir. 2020), and does not go as far as Defendant Bonner suggests anyway.  (ECF No. 89 at PageID 1191–93.)  Rather, Plaintiff relies on *In re Flint Water Cases* to support her assertion that the Court should allow discovery to proceed against Defendants Fields and Shelby County and, if not relevant to the supervisory liability claim, Defendant Bonner.  In *In re Flint Water Cases*, the Sixth Circuit blessed the district court's construction of a "carefully sculpted" discovery plan that allowed "state defendants to be deposed as non-party fact witnesses to events regarding separate claims brought against different defendants" while the state defendants awaited their appeals on qualified immunity.  *In re Flint Water Cases*, 960 F.3d at 826.  Defendant Bonner finds this case

3

distinguishable given its different procedural posture and his assertion that the district court in *In re Flint Water Cases* did grant a total stay as to all Defendants pending its decision on their Motions to Dismiss based on qualified immunity. (ECF No. 94 at PageID 1224.)

The Court finds that the record in this case warrants a total stay of discovery as to Defendant Bonner pending the Court's resolution of his qualified immunity defense. First, Plaintiff's individual capacity claim against Defendant Bonner is inextricably intertwined with her § 1983 claim against Defendant Shelby County. And while Plaintiff attempts to ameliorate this concern by proposing that Defendant Bonner be required to respond only to "reasonable written discovery that does not overlap substantially with supervisory-liability issues," (ECF No. 89 at PageID 1195), the Court shares the apprehension expressed in *Carswell* related to dual-capacity defendants' participation in discovery pending a determination on qualified immunity. *See Carswell*, 54 F.4th at 313 ("[T]he dual-capacity defendant must be particularly careful in a deposition about how his answers can be used against him in not one but two ways."). Furthermore, the Court is not at all confident that parties would agree on what does and does not "overlap substantially with supervisory-liability issues." Based on the language in Count One of the Complaint, it would not be surprising if Defendant Bonner considered most discovery relevant to the *Monell* claim to overlap with the supervisory liability claim against him. (*See, e.g.*, ECF No. 94 at PageID 1223–24, 1225.) Thus, the Court considers a total stay as to Defendant Bonner not only the most appropriate route, but also the one most likely to conserve judicial resources.

The Court does not find it necessary to stay discovery as to Defendants Fields[1] and Shelby County at this time, however. These Defendants have not sought such relief and are apparently

---

[1] Defendants Fields and Shelby County previously joined Defendant Bonner in a prior Motion to Stay Discovery that was denied as moot in light of Plaintiff's First Amended Complaint. (ECF No. 47.) Neither Defendant Fields nor Defendant Shelby County joined Defendant Bonner

willing to engage to some extent in the discovery process. Allowing them to proceed is in the Court's interest in the speedy and efficient resolution of this matter. To be sure, Defendant Bonner may find it necessary to monitor discovery as to other parties to some extent. But "qualified immunity protects government officials from 'unnecessary and burdensome discovery or trial proceedings' only." *In re Flint Water Cases*, 960 F.3d at 826 (quoting *Crawford-El v. Britton*, 523 U.S. 574, 597–98 (1998)). As the Court has stayed all discovery as to Defendant Bonner, and since there are only two other Defendants in this matter, the Court does not find that such efforts would be overly burdensome and Defendant Bonner has not offered anything beyond the speculative level to suggest otherwise. And since Plaintiff's other claims also involve allegations that do not necessarily involve Defendant Bonner, discovery as to those issues is also necessary. Furthermore, the length of this stay is not likely to be comparable to those in many of the cases that have considered stays stemming from assertions of qualified immunity, which have involved appeals of a district court's determination as to qualified immunity. These considerations counsel against the breadth of Defendant Bonner's request.

## **CONCLUSION**

For all of these reasons, Defendant Bonner's Motion to Stay Discovery, (ECF No. 85), is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS SO ORDERED**, this 22nd day of July, 2024.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE

---

in this Motion to Stay, however. Thus, while Defendant Fields is entitled to a stay of discovery as to the claim against him in his individual capacity for the same reason Defendant Bonner is, the Court will not *sua sponte* limit such discovery.